IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| K.J.C., by and through her Guardian and Next Friend, ANN PETTAWAY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACT. NO. 2:17cv91-WKW (WO) |
| THE CITY OF MONTGOMERY, *et al.*, ) ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the plaintiff K.J.C.[1] alleges that Morris Leon Williams, Jr. ("Williams"), violated her constitutional rights by sexually assaulting her while on duty as a Montgomery police officer. She names as defendants the City of Montgomery, Police Chief Ernest N. Finley, Jr., Captain W.B. Gaskins, and Williams. She also asserts state law claims of assault and battery, invasion of privacy, and intentional infliction of emotional distress/outrage against defendant Williams only. Finally, she brings a state law claim of supervisory and municipal liability against the City of Montgomery. The court has jurisdiction of the plaintiff's constitutional claims pursuant to its federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367(a).

Now pending before the court is defendants City of Montgomery, Chief Finley and

---

[1] The plaintiff is mentally disabled and this action is being pursued on her behalf by her next friend and representative, Ann Pettaway, who is her grandmother.

Captain W.B. Gaskin's motion to dismiss[2] the amended complaint (doc. # 17).[3] The plaintiff has filed a response to the motion to dismiss (doc. # 19). Having considered the motion, and the plaintiff's response in opposition to the motion, the court concludes that the motion is due to be denied in part and granted in part.

## I. Standard of Review

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that

---

[2] Defendant Williams is not represented by the City and has not filed a responsive pleading to the complaint.

[3] Defendants City of Montgomery, Chief Finley and Captain Gaskin filed a motion to dismiss (doc. # 7) on March 16, 2017. On April 3, 2017, the plaintiff filed an amended complaint. (Doc. # 15). Consequently, the defendants' motion to dismiss (doc. # 7) is due to be denied as moot in light of the amended complaint.

is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted). In *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## II.   Facts

In her amended complaint,[4] plaintiff K.J.C., a young lady with cognitive mental disabilities, alleges that Williams, while employed as a Montgomery City police officer, and acting within his authority as a police officer, forcibly sodomized and sexually assaulted her. (*Id.*). Pursuant to 42 U.S.C. § 1983, in count one, K.J.C. alleges Fourth Amendment

---

[4] "[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007).

claims against all defendants for deprivation of her constitutional rights based on an unreasonable search and seizure, and the excessive use of force. (Doc. # 15 at 14-18, ¶¶ 41-54). K.J.C. asserts that the City of Montgomery is liable for the Fourth Amendment violations because it has a policy, custom and practice of negligent hiring, and inadequate training and supervision of its police officers which permitted the constitutional violations to occur and thus, the City demonstrated deliberate indifference to her civil rights. In counts two through six, K.J.C. alleges constitutional claims and state tort claims only against Williams.[5] In count seven, she asserts a claim of supervisory and municipal liability against the City of Montgomery. She seeks compensatory and punitive damages.

### III. Discussion

**A.     Claims Against the City of Montgomery**

    **1.     Section 1983 Claims Against the City of Montgomery**

"Although the Supreme Court has held that local government may be subject to liability under § 1983, a plaintiff may not rely upon the doctrine of *respondeat superior* to hold the government liable." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015). In its motion to dismiss, the City of Montgomery asserts that the plaintiff's claims against it are due to be dismissed because her claims are based on the

---

[5] In count two, she asserts a Fourteenth Amendment due process claim against Williams. Although the plaintiff refers to "Defendants" in paragraphs 61 and 62, her factual allegations assert only a claim against Williams, and at this juncture, the court construes count two as raising a claim against only him. In count three, K.J.C. asserts an equal protection claim against Williams. Counts four, five and six are state law claims of assault and battery, invasion of privacy, and intentional infliction of emotional distress and/or outrage against him. Williams is not represented by the City and has not filed a responsive pleading in response to the amended complaint.

doctrine of *respondeat superior*. The court disagrees. The plaintiff alleges, admittedly inartfully, in court one that her injuries were the result of the "policies or customs" of the City of Montgomery Police Department. *See* Doc. # 15 at 16-17, ¶¶ 48-51.

> Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, [the plaintiff] cannot rely upon the theory of *respondeat superior* to hold the County liable. *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). A county does not incur § 1983 liability for injuries caused solely by its employees. *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs v. Brown*, 520 U.S. 397, 403 117 S.Ct. 1382, 137 L.Ed. 2d 626 (1997). Instead, to impose § 1983 liability on a municipality, a plaintiff must show: (1) that [her] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *See Canton*, 489 U.S. at 388, 109 S.Ct. 1197.

*McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004) (footnote omitted). *See also Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) ("a municipality may be held liable for the actions of a police officer only when municipal "official policy" causes a constitutional violation"). In addition, an "inadequate training" claim has been the basis for a § 1983 claim in limited circumstances, provided that the "deficient training program" was applicable over time to numerous employees. *Bd of County Com'rs of Bryan County, Okl.*

5

*v. Brown*, 520 U.S. 397, 407 (1997).

> If a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action – the "deliberate indifference" – necessary to trigger municipal liability. [*Canton*] at 390, n. 10, 109 S.Ct. at 1205, n. 10 ("It could ... be that the police, in exercising their discretion, so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who nevertheless, are 'deliberate indifferent' to the need"); *id*., at 397, 109 S.Ct at 1209 (O'CONNOR, J., concurring in part and dissenting in part) ("Municipal liability for failure to train may be proper where it can be shown that policymakers were aware of, and acquiesced in, a pattern of constitutional violations . . ."). In addition, the existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident, is the "moving force" behind the plaintiff's injury. See *id*., at 390-391, 109 S.Ct., at 1205-1206.

*Id*. at 407-08.

The plaintiff alleges and presents facts that the City had policies and customs that condoned allegedly unlawful actions of its police officers. She points to over twenty (20) incidents of Montgomery City police officers being charged criminally for actions they committed against individuals while on duty. *See* Doc. # 15 at 10-13, ¶¶ 34-35. The amended complaint details criminal offenses include sexual misconduct, violence and unlawfully entering homes of residences to commit crimes. She asserts that the City had a duty to "take prompt and appropriate action to remedy violence by its employees against members of the community," but failed to do so. (Doc. # 15 at 13, ¶ 37).

>However, [the City of Montgomery, Chief Finley, and Captain Gaskin] took no such action to prevent personnel from engaging in such conduct. No training policies or strategies directed towards ending harassment and assault against persons with cognitive or physical disabilities or mental illness were enforced by the MPD at the time of the incident.

(*Id*. at 13-14, ¶ 37).

In addition, the plaintiff alleges that the City and defendants Finley and Gaskin improperly hired, trained and/or supervised defendant Williams and other police officers charged in those criminal activities. "Defendants Finley, Defendant Gaskin, and the City of Montgomery, . . . was (sic) negligent in hiring Officer Williams and/or failed to provide appropriate training and supervision regarding sexual assault and the use of excessive force against citizens and members of the community while such individuals are being detained by officers." (*Id*. at 14, ¶ 39). K.J.C. specifically asserts in her amended complaint that the alleged unreasonable search and seizure and use of excessive force used against her by Williams was the result of the City of Montgomery's policy of failing to train and supervise its officers in the use of proper police authority.

K.J.C. has sufficiently alleged that Montgomery City police officers violate the law and commit criminal activity while on duty but the City has policies and customs of ignoring that behavior and adhering to their existing methods of training which constitutes deliberate indifference to K.J.C.'s constitutional rights.[6] At this stage of the pleadings, the

---

[6] Of course, at this juncture, the court's role is not to make factual determinations about the City's policies, customs and supervision of its police officers. At the motion to dismiss stage, the court must rely on the pleadings. The defendants may challenge the sufficiency of the plaintiff's claims at a later date in a motion for summary judgment, at which time, K.J.C. would have to come forward with evidence in support of her claims.

7

motion to dismiss is due to be denied with respect to K.J.C.'s Fourth Amendment claims pursuant to § 1983 against the City of Montgomery.

**2. State Law Claim Against the City of Montgomery**

In count seven of the Amended Complaint, the plaintiff alleges that "[t]o the extent that Officer Williams' (sic) was negligent or careless, Defendant City of Montgomery is liable for his conduct, as he was acting within the scope of his employment with the City of Montgomery." (Doc. # 15 at 24, ¶ 89). The court construes this claim as a state law supervisory and municipal liability claim asserted against the City of Montgomery. Relying on ALA CODE § 11-47-190 (1975), the City has moved to dismiss this count on the basis that the City cannot be liable for the intentional torts of its employees.

> ALA CODE § 11-47-190 (1975) provides in pertinent part:
>
> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness . . .

Consequently, the City of Montgomery is statutorily immune from claims of intentional torts by its employees. K.J.C. can assert a claim of municipal liability against the City only for claims based on negligence, carelessness or unskillfulness by Williams. Because K.J.C. asserts that Williams acted deliberately and intentionally, and at no point does she allege that Williams acted carelessly or neglectfully, count seven is due to be dismissed. *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 743 (11th Cir. 2010)("In sum, under § 11-

47-190, a city is liable for negligent acts of its employees within the scope of their employment, but not intentional torts of its employees.").

## B. Official Capacity Claims Against the Individual Defendants

K.J.C. sues defendants Finley and Gaskin in their official as well as their individual capacities. *See* Doc. # 15 at 4-5, ¶¶ 11-12. A plaintiff seeking to recover money damages against persons in their official capacities "must look to the government entity itself." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *see also, Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999); *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1210 n.3 (11th Cir. 1993); *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents."). Consequently, the plaintiff's claims against Finley and Gaskin in their official capacities are duplicative of her claims against the City of Montgomery. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky*, 473 U.S. at 165 (quoting *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 690 n.55 (1978)). Where, as here, "the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. at 166. "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials,

because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991). Thus, because the motion to dismiss K.J.C.'s § 1983 claims against the City of Montgomery is due to be denied at this time, and the case will proceed against the City of Montgomery, the plaintiff's claims against the defendants Finley and Gaskins in their official capacities are due to be dismissed as duplicative of the claims against the City of Montgomery.[7]

Finally, to the extent that the defendants ask the court to determine the issue of indemnity with respect to defendant Williams, that issue is not properly before the court, and thus, the court declines to address that issue.

### IV. Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge as follows:

1.that the defendants' motion to dismiss (doc. # 7) filed on March 16, 2017 be DENIED as moot.

2.that, with respect to K.J.C's § 1983 claims against the City of Montgomery, the motion to dismiss be DENIED;

3.that all claims against defendants Finley and Gaskin in their official capacities be DISMISSED as duplicative of the claims against the City of Montgomery;

4.that, with respect to K.J.C.'s state law claim of supervisory and municipal liability, that the motion to dismiss be **GRANTED**; and

---

[7] Defendants Finley and Gaskin do not seek dismissal of Count one in their individual capacities.

5. that this case be referred back to the Magistrate Judge for further proceedings on the remaining claims.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **October 11, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 27th day of September, 2017.

                                             /s/Charles S. Coody
                                             CHARLES S. COODY
                                             UNITED STATES MAGISTRATE JUDGE