IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| K. J. C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-91-WKW |
| | ) | [WO] |
| THE CITY OF MONTGOMERY, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION & ORDER**

According to Plaintiff K. J. C.'s Amended Complaint (Doc. # 15), Defendant Morris Leon Williams, Jr.—an officer in the City of Montgomery Police Department—forcibly sodomized and sexually assaulted Plaintiff in her home while he was on duty. Plaintiff alleges that this was just one of at least twenty instances in which Montgomery police officers committed crimes against civilians. Plaintiff attributes these crimes to a policy, custom, and practice of Defendants City of Montgomery, Montgomery Police Chief Ernest n. Finley, Jr., and Montgomery Police Captain W. B. Gaskin.

On September 27, 2017, the Magistrate Judge filed a Recommendation (Doc. # 25) concerning two motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docs. # 7, 17) filed by the City, Chief Finley, and Captain Gaskin. The Magistrate Judge recommended that the first motion (Doc. # 7) be

denied as moot because it was addressed to Plaintiff's initial Complaint (Doc. # 1), which she subsequently amended (Doc. # 15). The Magistrate Judge recommended that the second motion (Doc. # 17), which was directed at the Amended Complaint, be granted in part and denied in part. Defendants did not object to the Recommendation, but Plaintiff did (Doc. # 26).

Upon an independent review of the record, the Recommendation is due to be adopted as modified below, Plaintiff's objections are due to be overruled, the first motion to dismiss (Doc. # 7) is due to be denied as moot, and the second motion to dismiss (Doc. # 17) is due to be granted in part and denied in part.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over this action under 28 U. S. C. §§ 1331, 1367. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

A district court judge's review of objections to a magistrate judge's report and recommendation is de novo, and a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 18 U. S. C. § 636(b)(1).

A motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is

2

entitled to relief," Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation omitted); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) ("We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that the pleadings are construed broadly, and that the allegations in the complaint are viewed in the light most favorable to the plaintiff." (internal citations and quotation marks omitted)).

To survive Rule 12(b)(6) scrutiny, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there are "plausible" grounds for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U. S. at 556. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (citation

and internal quotation marks omitted). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

### III. PROCEDURAL HISTORY

Plaintiff's Complaint names four Defendants—the City, Chief Finley, Captain Gaskin, and Officer Williams—and includes seven counts. (Doc. # 1.) Counts One, Two, and Three bring claims under 42 U.S.C. § 1983 (under the Fourth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment, respectively); it is undisputed that Count One was brought against each defendant, but there is some dispute about whether Counts Two and Three were brought against each defendant or against only Officer Williams. Counts Four, Five, and Six bring claims under Alabama law against only Officer Williams. Count Seven brings a claim under Alabama law against the City for supervisory and municipal liability.

Three of the four Defendants—the City, Chief Finley, and Captain Gaskin—filed a motion to dismiss. (Doc. # 7.) Plaintiff responded to that motion by filing an Amended Complaint, which includes additional factual allegations in support of the same seven counts in Plaintiff's initial Complaint. (Doc. # 15.) Two weeks after that, the City, Chief Finley, and Captain Gaskin filed a second motion to dismiss. (Doc. # 17.) Plaintiff filed a response in opposition to the second motion (Doc. # 19), to which Defendants did not reply.

The Magistrate Judge filed a Recommendation that the first motion to dismiss be denied as moot and that the second motion be granted in part and denied in part. (Doc. # 25.) According to the Magistrate Judge, the second motion to dismiss is due to be granted with respect to Plaintiff's claims against Chief Finley and Captain Gaskin in their official capacities (because they are duplicative of the claims against the City) and with respect to Plaintiff's Alabama law claims of supervisory and municipal liability against the City in Count Seven. But the Magistrate Judge found that the motion was due to be denied with respect to Plaintiff's claims in Count One against the City. The Magistrate Judge further found that Counts Two through Six were not brought against the City, Chief Finley, or Captain Gaskin (Doc. # 25, at 4 & n. 5) and that Chief Finley and Captain Gaskin "do not seek dismissal of Count one in their individual capacities" (Doc. # 25, at 10 n. 7).

Plaintiff timely objected to the Recommendation on two grounds. (Doc. # 26.) First, Plaintiff objects to the Magistrate Judge's finding that only one of Plaintiff's three § 1983 claims—Count One's Fourth Amendment Claim—was brought against the City. Plaintiff argues that the other two § 1983 counts were brought against the City, Chief Finley, and Captain Gaskin because those counts include references to "Defendants," which Plaintiff argues refer to the City, Chief Finley, and Captain Gaskin, as well as Officer Williams. Second, Plaintiff objects to the Magistrate Judge's finding that Count Seven is due to be dismissed because

5

the City is immune from supervisory and municipal liability under Alabama law for the intentional and deliberate acts of its agents. "This conclusion," Plaintiff argues, "conflates Plaintiff's allegations as to Defendant Williams . . . with Plaintiff's allegations against the City and Defendants Finley and Gaskin." (Doc. # 26, at 6–7.) According to Plaintiff, the City would be liable for Chief Finley and Captain Gaskin's negligent failures to train and supervise Officer Williams, which she argues caused Officer Williams's tortious conduct. The City, Chief Finley, and Captain Gaskin have not filed an objection.

Noticeably absent from this procedural history is Officer Williams, whose alleged actions are the heart of Plaintiff's claims. Officer Williams has not filed a responsive pleading, and the City has refused to defend him.

## IV. DISCUSSION

The Magistrate Judge incorrectly, but understandably, found that Chief Finley and Captain Gaskin have not sought dismissal for Plaintiff's claims against them in their individual capacities. The Recommendation is thus due to be modified to excise that finding. That finding led the Magistrate Judge to decline to analyze the second motion to dismiss with respect to Plaintiff's claims against Chief Finley and Captain Gaskin in their individual capacities. The result of such an analysis with respect to Count One mirrors the Magistrate Judge's analysis of Count One as it applies to the City. Therefore, the second motion to dismiss is due to be denied with

respect to Plaintiffs claims against the City, Chief Finley, and Captain Gaskin in Count One and the Recommendation is due to be modified to that effect.

With those modifications, the Recommendation is due to be adopted, and Plaintiffs two objections are due to be overruled. Her first objection is due to be overruled as moot because it would have no impact on the liability of the City, Chief Finley, or Captain Gaskin. Her second objection is due to be overruled because it relies upon an untenable reading of Count Seven. And Plaintiff's requests for leave to amend her Amended Complaint as an alternative to each of her objections are due to be denied because she has not properly sought leave to amend.

The below discussion follows the order of the two preceding paragraphs: first, a discussion of the modifications to the Recommendation, and then a discussion of Plaintiff's objections.

### A. Modifications to the Recommendation

#### 1. *Chief Finley and Captain Gaskin seek dismissal of all counts against them in both their official and individual capacities.*

In a footnote in the Recommendation, the Magistrate Judge found that the Chief Finley and Captain Gaskin did not seek dismissal of Plaintiff's claims against them in their individual capacities in Count One of the Amended Complaint. (Doc. # 25, at 10 n. 7.) But the second motion to dismiss acknowledges that Chief Finley and Captain Gaskin are sued in both their individual and official capacities (Doc. # 17, at 3) and asks the court to dismiss them "entirely from this action" (Doc. # 17,

7

at 1; *see also* Doc. # 17, at 15–16). That strongly indicates that the motion seeks dismissal of any and all claims against Chief Finley and Captain Gaskin in their individual capacities because dismissing only claims brought against them in their official capacities would not dismiss them entirely from the action.

The motion muddies the waters by failing to offer any legal analysis directly addressing the individual capacity claims, but the Eleventh Circuit has applied the deliberate indifference standard the motion pulls from municipal liability cases (Doc. # 17, at 8–10) to individual capacity claims against supervisory officers, *see* Martin A. Schwartz, *Section 1983 Litigation Claims & Defenses* § 7.19(c)(2) & n. 1515 (4th ed. Supp. 2018) (citing *Greason v. Kemp*, 891 F.2d 829, 837, 840 (11th Cir. 1990)). Consequently, the motion's analysis of municipal liability arguably applies to Plaintiff's claims against Chief Finley and Captain Gaskin in their individual capacities.

In sum, in the second motion to dismiss (Doc. # 17) they filed jointly with the City, Chief Finley and Captain Gaskin seek to dismiss Plaintiff's claims against them in their personal capacities. To the extent the Recommendation concludes otherwise, it is due to be modified.

> **2.** *Plaintiff has sufficiently alleged that Chief Finley and Captain Gaskin violated her Fourth Amendment Rights.*

Of course, the Magistrate Judge did not expressly analyze Plaintiff's claims in Count One against Chief Finley and Captain Gaskin in their personal capacities

8

given his finding that they did not seek dismissal of those claims. But due to the similarity of the standards governing § 1983 claims against municipalities and supervisory officers sued in their individual capacities, the Magistrate Judge's analysis of Count One with respect to the City applies with similar force to Count One with respect to Chief Finley and Captain Gaskin.

Liability for § 1983 claims against a supervisory official in his individual capacities "lies where the defendant personally participates in the unconstitutional conduct or there is a causal connection between such conduct and the defendant's actions." *Harper v. Lawrence County*, 592 F.3d 1227, 1236 (11th Cir. 2010). Plaintiff has not alleged that Chief Finley or Captain Gaskin personally participated in Officer Williams's actions, which leaves the question whether she has alleged the requisite causal connection. Plaintiff could have done so in any one of these three ways: (1) by alleging that Chief Finley and/or Captain Gaskin failed "to correct [an] alleged deprivation" despite "a history of widespread abuse" that put either or both of them on notice of a need for corrective action; (2) by alleging that Chief Finley and/or Captain Gaskin had a "custom or policy" that "result[ed] in deliberate indifference to constitutional rights"; or (3) by alleging that Chief Finley and/or Captain Gaskin "directed" Officer Williams "to act unlawfully," or either or both of them "knew that" Officer Williams "would act unlawfully and failed to stop [him]

9

from doing so." *Id.* (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).

At this stage, Plaintiff has sufficiently established the requisite causal connection via the first two of those three options. According to the Magistrate Judge, Plaintiff "has sufficiently alleged that Montgomery City police officers violate the law and commit criminal activity while on duty but the City has policies and customs of ignoring that behavior and adhering to their existing methods of training which constitutes deliberate indifference to [Plaintiff's] constitutional rights." (Doc. # 25, at 7.) Chief Finley and Captain Gaskin's names can each be substituted for "the City" in that sentence given their respective roles, which is enough for Plaintiff's claims in Count One against Chief Finley and Captain Gaskin to survive a Rule 12(b)(6) motion to dismiss.

The second motion to dismiss is thus due to be denied with respect to the claims in Count One against Chief Finley and Captain Gaskin in their individual capacities, and the Recommendation is due to be modified to that effect.

B. **Plaintiff's Objections**

1. ***Even if Plaintiff brought Counts Two and Three against the City, Chief Finley, and Captain Gaskin, she did not state claims against them upon which relief can be granted.***

In her objections to the Recommendation, Plaintiff first takes issue with the Magistrate Judge's finding that she brought Counts Two and Three against only

Officer Williams. (Doc. # 26, at 5–6.) That portion of the Recommendation (Doc. # 25, at 4 &n.5) largely echoes the second motion to dismiss, which construes Count Two as being brought against only Officer Williams with "purported municipal liability against the City for Williams's actions" (Doc. # 17, at 3; *see also* Doc. # 17, at 3 n. 5) and construes Count Three as being brought against only Officer Williams (Doc. # 17, at 4 & n. 6). But Plaintiff argues that her references to "Defendants"—as opposed to a singular "Defendant"—in certain paragraphs in each of those counts (including the paragraphs requesting relief) and the incorporation of all preceding paragraphs at the beginning of each of those counts suffice to bring those counts against the City, Chief Finley, and Captain Gaskin. (Doc. # 26, at 5–6.)

Whether Plaintiff brought Counts Two and Three against the City, Chief Finley, and Captain Gaskin does not affect the disposition of those counts. If she did not, then those defendants of course cannot be found liable on those counts. If she did, those defendants still cannot be found liable on those counts because those counts fail to state a claim upon which relief can be granted against those defendants; in that case, their second motion to dismiss—in which they move to dismiss Counts Two and Three if those counts were brought against them (Doc. # 17, at 3 n. 5, 4 n. 6)—would be due to be granted with respect to those counts.

Counts Two and Three each bring § 1983 claims for violations of the Fourteenth Amendment: the former for detaining Plaintiff in violation of the Due

11

Process Clause (Doc. # 15, at 18–19), and the latter for targeting Plaintiff based on her mental disability in violation of the Equal Protection (Doc. # 15, at 20–21). The standard governing § 1983 claims against the City (which was discussed in the Recommendation (Doc. # 25, at 4–6)) is somewhat different than the standard governing § 1983 claims against Chief Finley and Captain Gaskin in their individual capacity (which was discussed in the previous subsection, *supra* subsection IV.A.2, pp. 9–10). But that difference is immaterial here because Counts Two and Three fail under both standards.

Synthesizing those standards and assuming—without deciding—that Officer Williams violated Plaintiff's rights under the Due Process and Equal Protection Clauses by detaining her and targeting her based on her mental disability, the City, Chief Finley, and Captain Gaskin could be liable under § 1983 for those violations only if Plaintiff shows any of the following: (1) that the violations were caused by "a custom or policy that constituted deliberate indifference to th[ose] constitutional right[s]," *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *accord Harper*, 592 F.3d at 1236; (2) that there was a pattern of such violations but the City, Chief Finley, and/or Captain Gaskin failed to take corrective action, *Harper*, 592 F.3d at 1236; *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1293 (11th Cir. 2009); (3) that the City, Chief Finley, and/or Captain Gaskin failed to provide further training to avoid such violations despite a clear need for such training, *Harper*, 592

F.3d at 1236; *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998); (4) that the City, Chief Finley, and/or Captain Gaskin knew Officer Williams was going to violate Plaintiff's rights but failed to prevent him from doing so, *Harper*, 592 F.3d at 1236; or (5) that Chief Finley and/or Captain Gaskin "personally participate[d] in the violations of Plaintiff's rights, *id.*

Plaintiff's Amended Complaint lacks any allegations to support any of those theories of liability. Although Plaintiff has alleged numerous instances of criminal conduct committed by Montgomery police officers (Doc. # 15, at 10–13), none of those instances clearly involved the type of detention or discrimination alleged in Counts Two and Three. Those allegations thus fail to show that (1) Officer Williams's actions were caused by any custom or policy of the City, Chief Finley, or Captain Gaskin; (2) that there was a pattern of such violations; (3) that there was a clear need for training to avoid such violations; (4) that Chief Finley and/or Captain Gaskin knew or should have known that Officer Williams was going to violate Plaintiff's rights and failed to prevent him from doing so; or (5) that Chief Finley and/or Captain Gaskin personally participated in Officer Williams's actions.

At best, Plaintiff's claims against the City, Chief Finley, and Captain Gaskin in Counts Two and Three appear to be based on a theory of *respondeat superior*. But it is well settled that *respondeat superior* cannot serve as a basis for liability

under § 1983 for municipalities or supervisory officers.  *E.g.*, *McDowell*, 392 F.3d at 1289; *Hardin v. Hayes*, 957 F.2d 845, 849 (11th Cir. 1992).

Counts Two and Three thus fail to state a claim upon which relief can be granted against the City, Chief Finley, and Captain Gaskin, so their second motion to dismiss is due to be granted as to Counts Two and Three if Plaintiff brought Counts Two and Three against them.  Therefore, whether Plaintiff did indeed bring those counts against the City, Chief Finley, and Captain Gaskin is ultimately irrelevant.  Her first objection is thus due to be overruled as moot.

> **2.** ***Plaintiff's Amended Complaint does not bring a claim against the City for supervisory and municipal liability under Alabama law for Chief Finley's and Captain Gaskin's actions.***

Plaintiff's second objection (Doc. # 26, at 6–7) concerns the Magistrate Judge's finding that Count Seven is due to be dismissed (Doc. # 25, at 8–9).  The crux of Count Seven is Plaintiff's assertion that, "[t]o the extent that Officer Williams' [sic] was negligent or careless, Defendant City of Montgomery is liable for his conduct, as he was acting within the line of scope of his employment with the City of Montgomery."  (Doc. # 15, at 24, ¶ 89.)  In his analysis of Count Seven, the Magistrate Judge correctly found that "at no point" in Plaintiff's Amended Complaint "does she allege that Williams acted carelessly or neglectfully."  (Doc. # 25, at 8.)  Count Seven thus is premised on negligent or careless behavior that Plaintiff did not allege and thus is due to be dismissed on that ground alone.

But the Magistrate Judge construed Count Seven "as a state law supervisory and municipal liability claim asserted against the City of Montgomery" and found that such a claim was foreclosed under Alabama Code § 11-47-190. Plaintiff does not appear to contest that finding with regard to the City's liability for Officer Williams's actions.

Instead, Plaintiff suggests that Count Seven asserts that the City is liable for the negligence of Chief Finley and Captain Gaskin. (Doc. # 26, at 7.) Count Seven simply cannot support such a reading. Therefore, Plaintiff's second objection is due to be overruled.

### 3. *Plaintiff has not properly moved to amend her Amended Complaint.*

At the end of both of her objections, Plaintiff alternatively requests leave to file a second amended complaint to fix any "error in pleading" responsible for her objections being overruled. (Doc. # 26, at 6, 7.) At this stage in the proceedings, Plaintiff may amend her Amended Complaint "only with the opposing party's written consent or the court's leave," per Rule 15(a)(2) of the Federal Rules of Civil Procedure. Plaintiff apparently has not received written consent to amend from any of the defendants, so her requests appear to seek leave from the court.

Rule 15(a)(2) clarifies that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). But the Eleventh Circuit "has explained that '[f]iling a motion is the proper method to request leave

to amend a complaint,' and that a motion for leave to amend 'should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment.'" *Citra Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (alteration in original) (quoting *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)); *cf.* M.D. Ala. LR 15.1 ("A party who moves to amend a pleading, document or other papers shall attach the original of the amendment to the motion."). Plaintiff has not followed that procedure. Instead, her "request[s] for leave to file an amended complaint simply [are] imbedded within" her objections, so "the issue has not been raised properly." *Id.* (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)).

Plaintiff's requests for leave to amend her Amended Complaint (Doc. # 26, at 6, 7) are therefore due to be denied.

## V. CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 8) is ADOPTED as modified by this Order.

2. Plaintiff's objections (Doc. # 26) are OVERRULED.

3. Plaintiff's requests for leave to amend her Amended Complaint (Doc. # 26, at 6, 7) are DENIED.

4. Defendants' first motion to dismiss (Doc. # 7) is DENIED AS MOOT.

16

5. Defendants' second motion to dismiss (Doc. # 17) is GRANTED IN PART AND DENIED IN PART. Specifically, the motion is:

   A. DENIED with respect to Plaintiff's § 1983 claim against the City, Chief Finley, and Captain Gaskin based on a violation of the Fourth Amendment (Count I);

   B. GRANTED with respect to Plaintiffs claims against Chief Finley and Captain Gaskin in their official capacities, which are DISMISSED as duplicative of the claims against the City; and

   C. GRANTED with respect to Plaintiff's § 1983 claims based on violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment (Counts Two and Three) and her state law claim of supervisory and municipal liability (Count VII), which are DISMISSED.

6. This case is referred back to the Magistrate Judge for further proceedings.

DONE this 27th day of February, 2018.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE