## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| K.J.C., by and through her Guardian and Next Friend, ANN PETTAWAY, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | CASE NO. 2:17-cv-00091-ALB |
| CITY OF MONTGOMERY, et al. | ) ) | |
| Defendants. | ) | |

---

### PLAINTIFF K.J.C.'s RULE 56(d) MOTION TO STAY/DEFER CONSIDERATION OF DEFENDANTS'MOTION FOR SUMMARY JUDGMENT AND EXTEND THE DISCOVERY DEADLINE

---

COMES NOW, the Plaintiff K.J.C, by and through her Guardian and Next Friend, Ann Pettaway (hereinafter "Plaintiff"), and moves this Honorable Court for an order deferring consideration of the City of Montgomery, Chief Finley, and Captain Gaskin's (hereinafter "Defendants") Motion for Summary Judgment (Doc. 48) and extending the discovery deadline to allow Plaintiff to conduct all necessary discovery. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiff has not been able to conduct the necessary discovery to respond to Defendants' Motion for Summary Judgment as explained more fully in this motion and the attached affidavit of Alicia K. Haynes. (See Exhibit 1).

1

## I.    *Introduction*

Plaintiff, K.J.C., at the age of twenty-two (22) years old, was sexually assaulted and sodomized by Defendant, City of Montgomery Police Officer Morris Leon Williams, Jr. after calling 911 to report a missing medical alert device that tracked Plaintiff's heart condition. The City of Montgomery Police Department dispatched Officer Williams to answer K.J.C.'s call.

Officer Williams went around K.J.C.'s apartment complex to determine the whereabouts of her missing property and eventually let himself into K.J.C.'s apartment through her unlocked door.  Officer Williams told K.J.C. that he did not think she had adequately searched the inside of her home and instructed K.J.C. to search her apartment again while he followed closely behind her. Officer Williams began asking K.J.C. inappropriate personal questions, such as whether she and her husband were sexually intimate.  Officer Williams then told K.J.C. that he was the "medical police" and asked K.J.C. to pull up her dress.  Officer Williams "examined" K.J.C.'s body, and then asked her to completely disrobe. Williams then forcibly raped and sodomized K.J.C..

K.J.C.'s mental deficiencies are to the degree that a lay person, while speaking with and observing her, is able to recognize that she has mental deficiencies and is incapable of providing consent to forced sexual intercourse – particularly, to a police officer in full uniform and armed with a weapon.

2

Following his sexual assault of K.J.C., Defendant Williams was arrested and charged with engaging in deviate sexual intercourse with a victim who was incapable of consent by reason of mental defect.   K.J.C. was transported to Baptist East Hospital, where medical personnel determined that she had been sexually assaulted. K.J.C. was also evaluated at the City of Montgomery Family Justice Center, where nurses performed a rape kit examination on her.  Following the examination, it was determined that she had been sodomized and had suffered trauma to her anal area.

Plaintiff, through her guardian and next friend, Ann Pettaway, filed this action against Williams, the City of Montgomery, Gaskin and Finley on February 16, 2017. (Doc. 1). Initially, the criminal action against Defendant Williams pended until August 2018. (See Exhibit 2). During this time, Defendants' Motion to Dismiss also pended and several different judges were assigned to this matter.

## II.   Plaintiff Has Been Prevented from Conducting the Necessary Discovery to Adequately Respond to Defendants' Motion for Summary Judgment.

Plaintiff has not been able to conduct the necessary discovery to adequately respond to Defendants' Motion for Summary Judgment. Rule 56(d) authorizes the Court to defer consideration of motions for summary judgment to allow the nonmoving party time to conduct discovery necessary to adequately respond. FED. R. CIV. P. 56(d). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer

considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order." *Id.*

When applying Rule 56(d), judgment should be deferred on premature dispositive motions until after the nonmoving party has an opportunity to conduct discovery. "The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits," so <u>summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery</u>." *Barcal v. EMD Serono, Inc.*, No. 5:14-CV-01709-MHH, 2016 WL 1086028, at *1 (N.D. Ala. Mar. 21, 2016) (quoting *Snook v. Trust Co. of Ga. Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988)).

"This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook*, 859 F.2d at 870 (citing *e.g., Littlejohn v. Shell Oil Co.,* 483 F.2d 1140, 1145 (5th Cir.1973) (noting the high fatality rate of summary dispositions at a time before the facts have been fully developed); *Ala. Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir.1979) ("Summary Judgment should not, therefore, ordinarily be granted before discovery has been completed.").

### a. Defendants Withheld Documents Identified on Their Rule 26 Disclosures from Plaintiff Until Two Weeks Before the Discovery Deadline.

Defendants prevented Plaintiff from obtaining all discoverable and relevant information by withholding documents until two weeks before the discovery deadline. Plaintiff produced her Initial Rule 26 Disclosures on January 1, 2018 and her Supplemental Rule 26 Disclosures on April 2, 2018. Defendants produced their Initial Rule 26 Disclosures on May 21, 2018. However, by August 2018, Plaintiff had still not received documents identified in Defendants' Rule 26 disclosures, including Defendant Williams' criminal case file, the documents relating to Williams' Grand Jury indictment, and the results of Plaintiff's rape kit.[1]

On August 10, 2018, Defendants informed Plaintiff that they would not produce Williams' criminal case file, including the results of Plaintiff's rape kit, until a protective order was entered by the Court. (See Exhibit 3). Defendants filed their first Motion for a Protective order on August 29, 2018; however, their motion was deficient. Defendants wasted another three weeks of discovery time by filing a motion to reconsider (Doc. 41), and an additional Motion for Protective Order (Doc. 43). Plaintiff even urged Defendants' counsel to enter one, joint motion for a protective order to reduce cost, confusion, and expense. (See Exhibit 4). A protective order was finally entered on September, 19, 2019. (Doc. 44).

---

[1] Plaintiff could not obtain the results of Plaintiff's rape kit by contacting the medical facility where the kit was performed because the medical facility had turned over all results and evidence to the City of Montgomery.

Although a protective order had been entered, Defendants still refused to produce Williams' criminal case file and the results of Plaintiff's rape kit, until March 22, 2019. Ten months passed between May 2018, when Defendants identified these documents on their Rule 26 disclosures, and March 2019, when Defendants finally produced these documents to Plaintiff. Defendants withheld documents identified on their Rule 26 disclosures for ten months and refused to produce them to Plaintiff until two weeks before the discovery deadline, which was April 8, 2019.

Defendants wasted time filing and refiling motions for a protective order and withheld documents identified on their Rule 26 disclosures from Plaintiff for ten months. Because Defendants withheld documents from Plaintiff, although she asked for them repeatedly, (See Exhibit 3) Plaintiff has been prevented from completing all necessary discovery and cannot adequately respond to Defendants' Motion for Summary Judgment. If Plaintiff would have had these responsive documents earlier in the litigation, she could have conducted additional relevant discovery within the time allotted. However, Plaintiff has been prevented from completing the necessary discovery because of Defendants' delay therefore requests that this Court allow additional time for discovery before Plaintiff is forced to respond to Defendants' Motion for Summary Judgment.

### b.   Defendants Wasted Six Months of Discovery by Refusing to Produce Responses to Plaintiff's Discovery Requests.

Defendants have not cooperated with Plaintiff, preventing her from conducting adequate discovery in this case. Plaintiff served her First Interrogatories and Requests for Production to Defendants on September 17, 2018. However, Defendants did not respond. Plaintiff sent a letter on January 31, 2019, inquiring about the status of Defendants' responses to Plaintiff's discovery requests. (See Exhibit 5). Again, Defendants did not respond. Plaintiff emailed Defendants again on February 14, 2019, repeating her concern over Defendants' lack of response and provided a motion to compel would be filed. (See Exhibit 6).

On February 15, 2019, Defendants finally produced responses to Plaintiff's discovery, including the partial results of Plaintiff's rape kit, five months after Plaintiff's requests had been sent. However, the documents that Defendants produced were incomplete, incorrect, and even unavailable for viewing. On February 26, 2019, Plaintiff emailed counsel for Defendant, stating that she could not open several of the files sent by Defendant. (See Exhibit 7). On March 5, 2019, Plaintiff emailed counsel for Defendant requesting six missing documents be produced and requesting that six additional documents be re-produced because they were originally produced with "white out" redactions (redactions that were done with "white out" rather than black redaction boxes). (See Exhibit 7). On March 22, 2019, Defendants finally produced correct documents and offered several excuses

for why their previous production had contained so many issues.

It was not until March 22, 2019 that counsel for Defendants fully and completed responded to Plaintiff's discovery requests sent on September 17, 2019. A full six months of discovery was wasted because of Defendants' failure to produce documents and requests to production in a timely manner. Without this six-month delay, Plaintiff would have been able to complete discovery within the time originally allotted; however, because of Defendants' lack of cooperation, Plaintiff has not been able to complete adequate discovery. Plaintiff requests an extension of time to respond to Defendants' Motion for Summary Judgment because she cannot adequately respond without additional discovery.

### c. Defendants Misled Plaintiff by Failing to File a Motion for an Extension of the Discovery Deadline.

No depositions have been conducted in the current case. After their delay in producing documents identified in their Rule 26 disclosures and responding to Plaintiff's discovery requests, Defendants waited until two weeks before the discovery deadline to attempt to schedule depositions. Plaintiff was the first party to communicate an available date for depositions, suggesting July 1, 2019. Defendants' counsel told Plaintiff that Defendants would draft a motion to extend the discovery deadline to August 1, 2019, and although Plaintiff agreed to the motion, Defendants never filed any motion for extension of time. (See Exhibit 8). Plaintiff relied on Defendants' representation that they would file a motion for extension of the

discovery deadline, however, Defendants failed to follow through and never filed the motion for an extension of discovery. Defendants misled Plaintiff by representing to her counsel that they would file a motion for an extension of the discovery deadline, but never filed such a motion. Instead, Defendants filed their Motion for Summary Judgment.

Plaintiff will be prejudiced if she is not allowed to depose the Defendants before responding to Defendants' Motion for Summary Judgment. Defendants' sworn statement about their basis of knowledge is vital to Plaintiff's claim that they knew about the officers' custom of breaking city rules and regulations, yet they failed to take proper action to remedy this misconduct. Plaintiff cannot respond to Defendants' Motion for Summary Judgment without deposing the Defendants and without additional discovery; therefore, she seeks an extension of the remaining Summary Judgment deadlines and the discovery deadline so that she can conduct depositions and additional necessary discovery.

### III. Plaintiff Cannot Respond to Defendants' Motion for Summary Judgment Without This Court's Ruling on her Prior, Pending Motion.

Plaintiff is awaiting this Court's decision on Plaintiff's Amended Motion for Entry of Default against Morris Leon Williams (Doc. 50). Defendant Williams' presence in the case will affect how Plaintiff proceeds with the remainder of discovery, depositions, and her response to Defendants' Motion for Summary Judgment. Plaintiff cannot proceed with her response to Defendants' Motion for

9

Summary Judgment without knowing all the Defendants to whom she is responding and without knowing if a default judgment has been entered against Morris Leon Williams.

Because Plaintiff will be prejudiced in her ability to respond to Defendants' Motion for Summary Judgment without further discovery, Plaintiff moves the Court to STAY consideration of Defendants' Motion for Summary Judgment and to extend the discovery deadline so that Plaintiff has sufficient time to conduct further discovery on the facts relevant to Defendants' motion.


Respectfully submitted,

/s/ Alicia K. Haynes
Alicia K. Haynes
Attorney for Plaintiff


**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, AL  35226
Phone: (205) 879-0377
Fax: (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served on the following counsel of record:

Stacy Lott Reed
Christopher R. East
City of Montgomery
Legal Department
P.O. Box 1111
103 North Perry Street
Montgomery, AL 36101
sreed@montgomeryal.gov
ceast@montgomeryal.gov


And by U.S. Mail, postage prepaid and properly addressed to the following:

Morris Leon Williams
3930 Water Drive #3937
Millbrook, AL 36054

/s/ Alicia K. Haynes
Of Counsel

11

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

K.J.C., by and through her      )
Guardian and Next Friend,       )
ANN PETTAWAY,                   )
                                )
     **Plaintiff**            )
                                )
v.                              )     **CASE NO. 2:17-cv-00091-ALB**
                                )
CITY OF MONTGOMERY, et al.      )
                                )
     **Defendants.**          )

## DECLARATION OF ALICIA K. HAYNES

    1.    My name is Alicia K. Haynes. I am over nineteen (19) years of age, of sound mind, and have firsthand knowledge of the facts herein. I swear under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following testimony is true and correct to the best of my knowledge.

    2.    I am the attorney for Plaintiff, K.J.C. and I have reviewed Defendants' Motion for Summary Judgment (Doc. 48) and Exhibits 48-1, 48-2, and 48-3.

    3.    Plaintiff has not been able to conduct full and fair discovery because of Defendants' lack of cooperation during discovery. Although Plaintiff has exerted her best effort to complete discovery within the discovery deadline, Defendants lack of

cooperation has caused such a delay that Plaintiff cannot adequately respond to Defendants' Motion for Summary Judgment without additional time for discovery.

4.      Additional written and oral discovery is needed before Plaintiff can respond to Defendants' Motion for Summary Judgment, including but not limited to, the depositions of Defendants Finley and Gaskin. Plaintiff's Complaint alleges that Defendants Finley and Gaskin were aware the excessive force routinely used by their officers and the unlawful conduct for which at least twenty-one (21) Montgomery Police Officers were arrested. Plaintiff also alleges that Defendants Finley and Gaskin knew of the negligent conduct of their officers, including Defendant Williams, and failed to train or otherwise prevent Montgomery Police Officers from engaging in such misconduct. Defendants assert, in their Motion for Summary Judgment, that Finley and Gaskin did not create an "official policy" of assault and therefore cannot be liable. Without the opportunity to depose Defendants Finley and Gaskin to determine their basis of knowledge and their exact policies and training procedures, Plaintiff cannot adequately respond to Defendants' Motion for Summary Judgment.

5.      Additionally, Plaintiff cannot respond to Defendants' Motion for Summary Judgment before this Court issues its decision on Plaintiff's Motion for Entry of Default against Defendant Williams (Doc. 50). Defendant Williams' presence in the case will affect how Plaintiff proceeds with the remainder of

discovery, depositions, and her response to Defendants' Motion for Summary Judgment.

Plaintiff cannot adequately respond to Defendants' motion without additional time and discovery.

June 3, 2019
Date

Alicia K. Haynes

# Exhibit 2

ELECTRONICALLY FILED
5/6/2016 9:30 AM
03-DC-2016-000814.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

## IN THE DISTRICT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| V. | ) | Case No.:   DC-2016-000814.00 |
| | ) | |
| WILLIAMS MORRIS LEON JR | ) | |
| Defendant. | ) | |

### ORDER

The Court having heard the evidence in a preliminary hearing, finds probable cause that the offense was committed and binds the Defendant over to the grand jury.

No bond request made.

**DONE this 6th day of May, 2016.**

/s/ W. TROY MASSEY
**DISTRICT JUDGE**



# City of Montgomery, Alabama

### *MONTGOMERY CITY COUNCIL MEMBERS*

*City of* **Montgomery**
CAPITAL OF DREAMS

**Todd Strange**
**Mayor**

Charles W. Jinright-President
Tracy Larkin-Pres. Pro Tem
Richard Bollinger

David M. Burkette
Brantley Lyons
William Green, Jr.

Arch Lee
Glen O. Pruitt, Jr.
Fred Bell



**Chief Ernest N. Finley Jr.**
**Chief of Police**

## MEMORANDUM

TO              : City Investigations

FROM          : Chief of Operations John Bowman

DATE          : June 1, 2018

SUBJECT     : Request for an Investigation

On March 28, 2016, Officer M.L. Williams #2500 responded to 3335-C Fountain Lane in reference to missing property. It was later alleged by the victim, Kyann Cogman that Officer Williams sexually assaulted her while on the scene of the incident. A Sodomy warrant was signed on Officer Williams and he was arrested.

On June 1, 2018 I was advised by District Attorney Scott Green that the case was No Billed.

I am requesting that City Investigations conduct a thorough investigation in Officer Williams actions to determine if any policies were violated.



Chief Ernest N. Finley, Jr. , Chief of Police

# Exhibit 3

**Law Clerk**

| | |
|---|---|
| **From:** | Alicia Haynes |
| **Sent:** | Friday, May 31, 2019 4:06 PM |
| **To:** | Law Clerk |
| **Subject:** | Fwd: KJC supplemental initial disclosures |

Sent from my iPhone

Begin forwarded message:

> **From:** "Reed, Stacy L." <sreed@montgomeryal.gov>
> **Date:** August 10, 2018 at 1:48:43 PM CDT
> **To:** Alicia Haynes <akhaynes@haynes-haynes.com>
> **Cc:** "East, Christopher R." <ceast@montgomeryal.gov>, "Hill, Micky" <mhill@montgomeryal.gov>
> **Subject: RE: KJC supplemental initial disclosures**
>
> The report is part of the case file. Therefore, I'd like to produce the file as a whole instead of in pieces. statements in question are statements from the victim and witnesses which contain phone numbers, dates of birth, etc. My concern is ensuring that Mr. Williams understands he cannot misuse this information. The information will be produced in a timely fashion and I anticipate the protective order will be in place the week of the 20th.  I will ensure that you have the entire case file by that Friday, August 24.

Stacy Lott Reed

Senior Staff Attorney

City of Montgomery

103 N. Perry Street

Montgomery, AL 36104

Tel:  (334)625-2050

Fax:  (334)625-2310

CONFIDENTIALITY NOTICE

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS INTERNET MESSAGE IS **ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION** INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY RETURN IT TO THE SENDER. UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.

 AS PART OF MY EFFORT TO BE ECO-FRIENDLY AND COST CONSCIOUS, PLEASE DO NOT PRINT THIS E-MAIL UNLESS YOU REALLY NEED TO.

---

**From:** Alicia Haynes [mailto:akhaynes@haynes-haynes.com]
**Sent:** Friday, August 10, 2018 1:37 PM
**To:** Reed, Stacy L.
**Cc:** East, Christopher R.; Hill, Micky
**Subject:** Re: KJC supplemental initial disclosures

I am in a deposition today so I cannot call, but please provide more detail of the recordings - who, what when?

My client's rape kit report should not be subject to Morris agreeing or not agreeing or to the entry of a protective order since you received from a third party. Why is it not her statement and subject to you producing pursuant to rule 26? Agree?

Alicia

Sent from my iPad

On Aug 10, 2018, at 1:19 PM, Reed, Stacy L. <sreed@montgomeryal.gov> wrote:

> Alicia:
>
> The City has learned that the criminal case against Morris Williams has been no billed by the grand jury. Therefore, we are now in a position to produce the criminal case file which contains the report you inquired about. We have received the file from MPD and are in the process of preparing it to be produced. However, there are audio recordings with personal information which cannot be redacted. Therefore, we will need to request a protective order before producing it. My office is preparing correspondence to send to Defendant Williams to ensure he understands we will be providing this information as part of the discovery in this case and

that we are asking the court to enter a protective order so that the parties cannot use any of the information outside the scope of this lawsuit. We are asking that he respond to our office on or before August 20 with any objections. If I haven't heard from him by then, I will move forward with filing the motion for protective order.

Once the court issues the order, we will provide the criminal case file to you ASAP. Please let me know if I can advise the court that Plaintiff has no objection to entry of such an order.

If you wish to discuss, please feel free to contact me or my co-counsel, Chris East.

Thanks, Stacy

Stacy Lott Reed

Senior Staff Attorney

City of Montgomery

103 N. Perry Street

Montgomery, AL 36104

Tel: (334)625-2050

Fax: (334)625-2310

CONFIDENTIALITY NOTICE

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS INTERNET MESSAGE IS **ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION** INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY RETURN IT TO THE SENDER. UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.

AS PART OF MY EFFORT TO BE ECO-FRIENDLY AND COST CONSCIOUS, PLEASE DO NOT PRINT THIS E-MAIL UNLESS YOU REALLY NEED TO.

# Exhibit 4

**Law Clerk**

| | |
|---|---|
| **From:** | Alicia Haynes |
| **Sent:** | Monday, June 03, 2019 11:26 AM |
| **To:** | Law Clerk |
| **Subject:** | FW: Proposed Protective Order - Cogman case |

**From:** Alicia Haynes
**Sent:** Thursday, September 06, 2018 11:21 PM
**To:** 'Reed, Stacy L.' <sreed@montgomeryal.gov>
**Subject:** RE: Proposed Protective Order - Cogman case

I think we should include the documents that both parties are producing as part of the protective order.  You are requesting medical, pay and social security information from the plaintiff that will likewise need to be protected.  It seems to avoid multiple filings and court orders that we handle all in one order.  Please let me know your thoughts.  Alicia

# Alicia K. Haynes

# Haynes & Haynes, P.C.

1600 Woodmere Drive
Birmingham, Alabama 35226
akhaynes@haynes-haynes.com
205-879-0377 (office)
205-879-3572 (fax)

PLEASE NOTE:  The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and as such is privileged and confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

*The ultimate measure of a man is not where he stands in moments of comfort and convenience, but where he stands at times of challenge and controversy.  Martin Luther King, Jr.*

**From:** Reed, Stacy L. [mailto:sreed@montgomeryal.gov]
**Sent:** Wednesday, September 05, 2018 11:01 AM
**To:** Alicia Haynes <akhaynes@haynes-haynes.com>
**Subject:** Proposed Protective Order - Cogman case

Please let me know your thoughts.

Stacy Lott Reed

Senior Staff Attorney

City of Montgomery

103 N. Perry Street

Montgomery, AL 36104

Tel:  (334)625-2050

Fax:  (334)625-2310

CONFIDENTIALITY NOTICE

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS INTERNET MESSAGE IS **ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION** INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY RETURN IT TO THE SENDER.  UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.

 AS PART OF MY EFFORT TO BE ECO-FRIENDLY AND COST CONSCIOUS, PLEASE DO NOT PRINT THIS E-MAIL UNLESS YOU REALLY NEED TO.

# Exhibit 5

# HAYNES & HAYNES
### ATTORNEYS AT LAW

Alicia K. Haynes
Kenneth D. Haynes

Of Counsel:
Charles E. Guerrier

1600 WOODMERE DRIVE
BIRMINGHAM, ALABAMA 35226
WWW.HAYNES-HAYNES.COM

Tel: 205-879-0377
Fax: 205-879-3572

January 31, 2019

Via US Mail and Electronic Mail

Stacey Lott Reed
Christopher R. East
**CITY OF MONTGOMERY**
Legal Department
P.O. Box 1111
Montgomery, Alabama 36101-1111

RE:   **K.J.C., by and through her Guardian and Next Friend, Ann Pettaway
v. City of Montgomery, et al.**

Dear Counsel:

Plaintiff's First Interrogatories and Requests for Production were served on September 17, 2018. To date, we have not received responses nor objections to these discovery requests.

Please forward your complete responses and all documents to the above-referenced requests within the next ten (10) days so we can avoid seeking the Court's intervention.

Sincerely,

Alicia K. Haynes
FOR THE FIRM

AKH/ib

# Exhibit 6

**Law Clerk**

From:           Alicia Haynes
Sent:           Friday, February 15, 2019 11:42 AM
To:             Law Clerk; Linda Whitman
Subject:      FW: KJC v. The City of Montgomery

See below.

---

**From:** Reed, Stacy L. [mailto:sreed@montgomeryal.gov]
**Sent:** Thursday, February 14, 2019 5:35 PM
**To:** Alicia Haynes <akhaynes@haynes-haynes.com>
**Subject:** Re: KJC v. The City of Montgomery

We will have it to you tomorrow afternoon. Apologies for the delay.

On Feb 14, 2019, at 4:40 PM, Alicia Haynes <akhaynes@haynes-haynes.com> wrote:

> Stacey, I sent you a deficiency letter on Jan. 31, 2019 for discovery that was sent on September 17,
> 2018. I had no response. Anything going on I need to be aware of that prevents my discovery from
> being answered or should I proceed with filing a motion to compel? Thanks, Alicia

# Alicia K. Haynes

# Haynes & Haynes, P.C.

1600 Woodmere Drive
Birmingham, Alabama 35226
akhaynes@haynes-haynes.com
205-879-0377 (office)
205-879-3572 (fax)

PLEASE NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

*The ultimate measure of a man is not where he stands in moments of comfort and convenience, but where he stands at times of challenge and controversy.* Martin Luther King, Jr.

# Exhibit 7

**Law Clerk**

| | |
|---|---|
| **From:** | Reed, Stacy L. <sreed@montgomeryal.gov> |
| **Sent:** | Friday, March 22, 2019 9:35 AM |
| **To:** | Alicia Haynes |
| **Cc:** | Hill, Micky; East, Christopher R.; Linda Whitman; Law Clerk |
| **Subject:** | RE: Cogman v. City of Montgomery, et al. |
| **Attachments:** | D995.Property Release form of Morris Williams Vehicle.pdf; D1006-D1008.Residence Consent ot search of 5785 Carriage Barn Lane.pdf; D1027.Nathan Pollard Saliva Consent form.pdf; D1170-D1174.Morris.documents given upon employment.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Alicia:

Pursuant to your email request of March 5, please find attached the following documents:

D000995
D001006-D001008
D001027
D001031

As to your request for unredacted copied of documents bates stamped D000740 – D000746, those documents were produced in response to request for production 4 which requested:

all employee handbooks, all personnel policies and procedures, all training manuals and materials, and in particular, any materials provided to employees of the City of Montgomery regarding policies on hiring, progressive discipline, seniority, sexual harassment, discrimination and harassment, demotion, termination, salary, benefits, EEO matters, investigations, answering calls, conducting investigations, interactions with the public/citizens, and interacting with physically and mentally disabled individuals from January 1, 2000 to current.

While the City inadvertently failed to include any reference to those documents in its response to this request, those documents were provided as examples of the types of forms new employees hired in 2013 (the year M.L. Williams was hired)  were given and required to complete by the Finance Department. Finance no longer maintains blank forms from that time period. Therefore, they pulled forms from an employee file and redacted that employee's personal information as the employee was in no way associated or related to the

case at hand. While discussing this with Finance, we were able to obtain copies of the forms M.L. Williams filled out upon his employment and are providing those in lieu of unredacted versions of D740 – 746. They are attached hereto and bates stamped D001170 – D001174.

If any documents have been redacted by our office, they will have been redacted with black redaction boxes. No privilege log has been provided because we have not asserted privilege with regard to any document redactions nor have we withheld production of documents as a result of privilege. If a privilege log becomes necessary in the future, one will be produced as required by the rules.

Should you have any questions regarding the above, please feel free to contact me.

Thank you, Stacy

Stacy Lott Reed

Senior Staff Attorney

City of Montgomery

103 N. Perry Street

Montgomery, AL 36104

Tel: (334)625–2050

Fax: (334)625–2310

CONFIDENTIALITY NOTICE

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS INTERNET MESSAGE IS ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY RETURN IT TO THE SENDER. UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.

 AS PART OF MY EFFORT TO BE ECO-FRIENDLY AND COST CONSCIOUS, PLEASE DO NOT PRINT THIS E-MAIL UNLESS YOU REALLY NEED TO.

**From:** Law Clerk [mailto:lawclerk@haynes-haynes.com]
**Sent:** Tuesday, March 05, 2019 3:45 PM
**To:** Reed, Stacy L.
**Cc:** Hill, Micky; East, Christopher R.; Linda Whitman; Alicia Haynes
**Subject:** RE: Cogman v. City of Montgomery, et al.

Hi Stacey,
Thank you for sending the link to the photos, we were able to view and download them.

We are missing the following documents:
D000995
D001006-D001008
D001027
D001031

Can you please send or resend these documents? They were not in the production we received.

Also, the documents bates labeled D000740-D000746 have been redacted with white-out, rather than with black reduction boxes. We have no way to determine who these documents belong to because all the information has been covered with white-out. The group of documents are titled "Payroll Documents." Can you please resend these documents with the black redaction boxes, rather than white-out and leave the employee's name or initials, so that we will know who these documents belong to?

Thank you!

---

**From:** Reed, Stacy L. <sreed@montgomeryal.gov>
**Sent:** Tuesday, March 05, 2019 12:43 PM
**To:** Alicia Haynes <akhaynes@haynes-haynes.com>
**Cc:** Hill, Micky <mhill@montgomeryal.gov>; East, Christopher R. <ceast@montgomeryal.gov>; Linda Whitman <lcwhitman@haynes-haynes.com>; Law Clerk <lawclerk@haynes-haynes.com>
**Subject:** RE: Cogman v. City of Montgomery, et al.

Alicia – Follow the link below. You should be able to download the pictures (1035–1071) but if not, please let me know and we will forward a copy via US mail.

https://1drv.ms/b/s!AqdLyjU22xOmgaJXmSvMIAKcp4Joow

Stacy Lott Reed

Senior Staff Attorney

City of Montgomery

103 N. Perry Street

Montgomery, AL 36104

Tel: (334)625–2050

Fax: (334)625-2310


CONFIDENTIALITY NOTICE

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS INTERNET MESSAGE IS **ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION** INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY RETURN IT TO THE SENDER. UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.


 AS PART OF MY EFFORT TO BE ECO-FRIENDLY AND COST CONSCIOUS, PLEASE DO NOT PRINT THIS E-MAIL UNLESS YOU REALLY NEED TO.


**From:** Alicia Haynes [mailto:akhaynes@haynes-haynes.com]
**Sent:** Tuesday, February 26, 2019 2:34 PM
**To:** Reed, Stacy L.
**Cc:** Hill, Micky; East, Christopher R.; Linda Whitman; Law Clerk
**Subject:** RE: Cogman v. City of Montgomery, et al.

Stacy, We cannot open the file that is identified as 1035-1071. Can you resend or resend in a different format? Thanks, Alicia

**From:** Reed, Stacy L. [mailto:sreed@montgomeryal.gov]
**Sent:** Friday, February 15, 2019 2:58 PM
**To:** Alicia Haynes <akhaynes@haynes-haynes.com>
**Cc:** Hill, Micky <mhill@montgomeryal.gov>; East, Christopher R. <ceast@montgomeryal.gov>
**Subject:** Cogman v. City of Montgomery, et al.


The documents may be viewed and downloaded for the next 30 days by following the below link. If you have any problems accessing them, please let me know.


Thanks, Stacy


https://1drv.ms/f/s!AqdLyjU22xOmgaFxGNnfRKrABubBDw



Stacy Lott Reed

Senior Staff Attorney

City of Montgomery

103 N. Perry Street

Montgomery, AL 36104

Tel:  (334)625-2050

Fax:  (334)625-2310

CONFIDENTIALITY NOTICE

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS INTERNET MESSAGE IS **ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION** INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY RETURN IT TO THE SENDER.  UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.

 AS PART OF MY EFFORT TO BE ECO-FRIENDLY AND COST CONSCIOUS, PLEASE DO NOT PRINT THIS E-MAIL UNLESS YOU REALLY NEED TO.

# Exhibit 8

## Law Clerk

| | |
|---|---|
| **From:** | Alicia Haynes |
| **Sent:** | Wednesday, March 20, 2019 12:32 PM |
| **To:** | Reed, Stacy L. |
| **Cc:** | Hill, Micky; Law Clerk; Teri Roper; Percival, Drenda |
| **Subject:** | RE: depositions |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

I assume your motion is not based on my limited availability when you are first asking for deposition dates two weeks prior to the cut-off? I need to see your motion before I sign on. If worded that we both have conflicts I would be agreeable to a joint motion.

**From:** Reed, Stacy L. [mailto:sreed@montgomeryal.gov]
**Sent:** Wednesday, March 20, 2019 12:18 PM
**To:** Alicia Haynes <akhaynes@haynes-haynes.com>
**Cc:** Hill, Micky <mhill@montgomeryal.gov>; Law Clerk <lawclerk@haynes-haynes.com>; Teri Roper <tgroper@haynes-haynes.com>; Percival, Drenda <dpercival@montgomeryal.gov>
**Subject:** RE: depositions

Alicia, so glad I could give you a good laugh. I'm preparing a motion to extend the discovery deadline to August 1, 2019 based on your assertion that you have no availability until July. Can I state in the motion you have no objection?

As to the discovery documents you inquired about, we will have a response to you no later than close of business tomorrow.

Have a great rest of the day! Stacy

Stacy Lott Reed

Senior Staff Attorney

City of Montgomery

103 N. Perry Street

Montgomery, AL 36104

Tel: (334)625-2050

Fax: (334)625-2310

CONFIDENTIALITY NOTICE

UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS INTERNET MESSAGE IS **ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION** INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY RETURN IT TO THE SENDER. UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.

 AS PART OF MY EFFORT TO BE ECO-FRIENDLY AND COST CONSCIOUS, PLEASE DO NOT PRINT THIS E-MAIL UNLESS YOU REALLY NEED TO.

---

**From:** Alicia Haynes [mailto:akhaynes@haynes-haynes.com]
**Sent:** Wednesday, March 20, 2019 11:23 AM
**To:** Reed, Stacy L.
**Cc:** Hill, Micky; Law Clerk; Teri Roper
**Subject:** RE: depositions

Stacy, Really, this is laughable. Do you actually believe that in the next two weeks I have any time, much less "several dates" available for depositions? 1st available is July.

We wrote you last week about missing the following documents from your production on Feb. 15 that were responsive to the requests sent to you in September:

D000995
D001006-D001008
D001027
D001031

Can you please send or resend these documents? They were not in the production we received.

Also, the documents bates labeled D000740-D000746 have been redacted with white-out, rather than with black reduction boxes. We have no way to determine who these documents belong to because all the information has been covered with white-out. The group of documents are titled "Payroll Documents." Can you please resend these documents with the black redaction boxes, rather than white-out and leave the employee's name or initials, so that we will know who these documents belong to? If you have redacted other documents and it is not apparent from the copy, the produce the unredacted version of the document. In the event you are redacting based on any privilege, then you need to add to a privilege log, which we have not received. Please provide a privilege log this week.

Lastly, while looking for dates in July, I will need to take the depositions of Chief Finley, Captain Gaskin, Leon Williams, and Detective Sherry Edwards.

Thanks,
Alicia


# Alicia K. Haynes

# Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226

akhaynes@haynes-haynes.com
205-879-0377 (office)
205-879-3572 (fax)

PLEASE NOTE:  The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and as such is privileged and confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

*The ultimate measure of a man is not where he stands in moments of comfort and convenience, but where he stands at times of challenge and controversy.*  Martin Luther King, Jr.

**From:** Reed, Stacy L. [mailto:sreed@montgomeryal.gov]
**Sent:** Wednesday, March 20, 2019 9:23 AM
**To:** Alicia Haynes <akhaynes@haynes-haynes.com>
**Cc:** Hill, Micky <mhill@montgomeryal.gov>
**Subject:** depositions

Alicia – I would like to depose Ann Pettaway and Kyan Cogman. It appears the discovery deadline is April 8. Please provide several dates of availability between now and 4/8.

Thanks, Stacy

Stacy Lott Reed

Senior Staff Attorney

City of Montgomery

103 N. Perry Street

Montgomery, AL 36104

Tel:  (334)625–2050

Fax:  (334)625–2310

CONFIDENTIALITY NOTICE
UNLESS OTHERWISE INDICATED OR OBVIOUS FROM THE NATURE OF THE TRANSMITTAL, THE INFORMATION CONTAINED IN THIS INTERNET MESSAGE IS ATTORNEY-CLIENT PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, OR ARE NOT SURE WHETHER IT IS PRIVILEGED, PLEASE IMMEDIATELY RETURN IT TO THE SENDER.  UNINTENDED TRANSMISSION SHALL NOT CONSTITUTE WAIVER OF THE ATTORNEY-CLIENT OR ANY OTHER PRIVILEGE.