IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| K.J.C., by and through her, Guardian and Next Friend, ANN PETTAWAY, | § § § § | |
| Plaintiff, | § | CASE NO: 2:17-cv-91-ALB-SMD |
| v. | § § § | |
| CITY OF MONTGOMERY, et al. | § § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S RULE 56(d) MOTION

Come now, Defendants[1] in the above-styled cause, by and through undersigned counsel, and in response to Plaintiff's Motion (Doc. 54), state as follows:

### FACTS

This lawsuit was filed in February, 2017. (Doc. 1). Defendants filed a motion to dismiss on March 16, 2017 and Plaintiff responded and amended her complaint on April 3, 2017. (Docs. 7, 15 and 16). The magistrate entered a report and recommendation in September, 2017 (Doc. 25) to which Plaintiff objected. Ultimately, the motion to dismiss was fully and finally resolved on February 27, 2018. (Doc. 30). The end result was that only one count of Plaintiff's seven count complaint survived against Defendants City, Gaskin and Finley. Count I alleges a violation of Plaintiff's 4th Amendment rights, and as to the City, Gaskin and Finley, the allegation is a policy or custom of negligent hiring, training and supervising. (Doc. 30). The Uniform Scheduling Order in this case was

---

[1] Unless specifically addressed otherwise, the term "Defendants" refers to the City of Montgomery, Chief Finley and Captain Gaskin. It does not include Defendant Williams who is no longer employed with the City or represented by the City.

issued on April 26, 2018 setting the discovery deadline for April 8, 2019 and the dispositive motion deadline for May 8, 2019. (Doc. 35). Thereafter, written discovery was exchanged between the City and Plaintiff. No written discovery was propounded by Plaintiff to Defendants Finley or Gaskin.

Plaintiff now alleges a need to re-open discovery for the purpose of deposing Defendants Gaskin and Finley. (Doc. 54, p. 14, ¶4). While Plaintiff states a need to conduct other discovery, this is the only discovery she specifies. These individuals were known to Plaintiff and named as defendants in the original lawsuit filed in February, 2017. Defendant Finley was identified as the Chief of Police and responsible for training and supervising Defendant Williams as well as being responsible for enforcing MPD policy and being MPD's final policymaker. Defendant Gaskin was identified as the police captain responsible for MPD's recruiting division and responsible for "recruiting, testing, screening and conducting background investigations on all sworn officers." (Doc. 1).

Plaintiff alleges <u>Defendants Withheld Documents Identified on Their Rule 26 Disclosures from Plaintiff Until Two Weeks Before the Discovery Deadline.</u> (Doc. 54, p. 5). Defendant provided initial disclosures in accordance with the Court's scheduling order on May 18, 2018. Referenced therein were 470 pages of documents, all of which were provided to Plaintiff on that date. (DX. 1, Defendants' Initial Disclosures).[2] Despite Plaintiff's assertions to the contrary, nowhere in that document did Defendants reference the MPD criminal investigative file of Defendant Williams, a grand jury indictment or the results of Plaintiff's rape kit. There would be no reason for the City to produce those files

---

[2] Despite the fact that Plaintiff filed a multitude of exhibits in support of her motion, 27 pages to be exact, she failed to attach a copy of Defendants' initial disclosures which clearly show no reference was made to the items she speciously claims the City was withholding.

2

in initial disclosures as the criminal charges, and whether Defendant Williams had a consensual or forcible sexual encounter with KJC, are irrelevant and immaterial to any claims against the City, Gaskin and/or Finley. There is no question, that MPD arrested and charged Defendant Williams with criminal sexual acts against KJC, and there are no allegations against the City defendants that there was some deficiency in their handling of the criminal investigation. Therefore, Plaintiff's claim that Defendants withheld initial disclosure documents until two weeks before the discovery deadline is simply false. [3]

Plaintiff also alleges <u>Defendants Wasted Six Months of Discovery by Refusing to Produce Responses to Plaintiff's Discovery Requests</u>. She further alleges Defendants "have not cooperated with Plaintiff" implying that Plaintiff was diligently attempting to obtain discovery responses. (Doc. 54, p. 7). Defendants do not dispute that Plaintiff propounded written discovery on September 17, 2018, and that thereafter, a protective order was issued on September 19, 2018. [4] However, in October, 2018 Plaintiff subpoenaed records from the DA's office regarding the criminal investigation, and at that time, she advised she would provide a copy of the documents to Defendants. (DX. 4, Email dated 10/9/2018 from P to D). On January, 31, 2019, Defendants reached out to Plaintiff regarding any documents they had received from the DA's office in response to the subpoena. (DX. 5, Email dated 1/31/19 from D to P). It was only after Defendants made that inquiry that Plaintiff inquired about outstanding discovery responses and sent a deficiency letter. At that point, Defendants fully anticipated that Plaintiff had received the

---

[3] Ironically, while Plaintiff provided initial disclosures in January, 2018, she did not provide the documents referenced therein until September, 2018. (DX. 2, Email exchange dated 9/18/2018; DX. 3, Email dated 9/25/18- document production ).

[4] While Plaintiff makes a prolonged argument about the delay in obtaining a protective order, the order was issued less than 3 weeks after the initial motion for protective order. There was a slight delay because there had been a change of magistrate judges and the first proposed order was erroneously sent to the magistrate previously assigned to the case.

criminal file from the DA's office. It wasn't until after a follow up email to Plaintiff that Defendants were advised Plaintiff had not received any records from the DA's office. (DX. 6, Email dated 2/14/19 from P to D). The following day, after being so notified, Defendants produced all discovery responses, including the criminal investigative file. (DX. 7, Email dated 2/15/19 from S. Reed to A. Haynes). While not excusing Defendants' delayed response, Plaintiff certainly cannot claim she acted diligently in seeking the discovery responses, and criminal investigative file, as the first communication from Plaintiff regarding the discovery responses was three and one-half months after they were propounded.

Documents produced on February 15, 2019 included the City of Montgomery Internal Administrative Investigation into the criminal allegations against Defendant Williams and the MPD criminal investigative file. (DX. 8, City Production Responses, p. 2, ¶3; DX. 9, City Interrogatory Responses, pp. 5-6, ¶12). Therefore, Plaintiff's allegation that Defendants refused to produce Defendant Williams' case file until March 22, 2019 (Doc. 54, p. 6) is false.[5]

Plaintiff also alleges that <u>Defendants Misled Plaintiff by Failing to File a Motion for An Extension of Discovery Deadline</u>. (Doc. 54, p. 8). Plaintiff further alleges that she was "the first party to communicate an available date for depositions suggesting July 1, 2019," which would be three months after the April 8 discovery deadline and two months after the dispositive motion deadline. (Doc. 54, p. 8). On March 20, 2019, Defendants

---

[5] There were three emails from Plaintiff indicating they could not access certain documents which had been provided electronically. Those documents were provided a second time by Defendants immediately after Plaintiff advised an inability to access them. (DX. 10, Email chain 3/5/19 through 3/26/19). None of these documents involved the rape kit or grand jury action.

4

contacted Plaintiff and requested dates of availability, prior to the April 8 discovery deadline, to depose KJC and her guardian. (Doc. 54, p. 39). This was the first mention by any party of taking depositions. Plaintiff's response was that the request was "laughable" and that her first availability was in July. Defendants proposed extending the discovery deadline until August to which Plaintiff responded that if it was based on her limited availability, she would not agree. All of these communications occurred on March 20, 2019, prior to the discovery deadline. (Doc. 54, pp. 37 – 39). Given the fact that Plaintiff would only agree to an extension if the motion erroneously advised the Court that both parties had conflicts, Defendants elected not to move for an extension and move forward with the case without deposing Plaintiff's client. Defendants have heard nothing more from Plaintiff attempting to schedule depositions or extend discovery deadlines until the filing of her current Rule 56 motion.

**Argument**

In <u>Barfiled v. Brierton</u>, 883 F2d 923 (11th Cir. 1989), the appellate court upheld the district court's denial of a Rule 56 motion to stay summary judgment. The court noted that "the record indicate[d] Plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue [her] options." Id at 23. In the present case, it is clear Plaintiff was aware of Defendants Gaskin and Finley and their roles within the Montgomery Police Department since before the filing of the lawsuit. Yet, she made absolutely no efforts to schedule their depositions until Defendants attempted to acquire dates to depose Plaintiff and then cited her lack of availability until three months after the discovery cut-off.

The Barfield Court also stated: "A party requesting a continuance under this rule must present an affidavit containing specific facts explaining his failure to respond to the adverse party's motion for summary judgment via counter affidavits establishing genuine issues of material fact for trial. SEC v. Spence & Green Chemical Co., 612 F.2d 896, 900 (5th Cir. 1980), cert. denied, 449 U.S. 1082, 101 S. Ct. 866, 66 L. Ed. 2d 806 (1981). 'The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts," but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions.' Id. at 901." Barfield v. Brierton, 883 F.2d 923, 931.

In the present case, Plaintiff states the depositions of Defendants Finley and Gaskin are needed to determine their knowledge of "excessive force routinely used by their officers and the unlawful conduct for which at least twenty-one (21) Montgomery Police Officers were arrested." She also alleges a need to conduct discovery on the individual Defendants' failure to train officers or otherwise prevent them from engaging in illegal conduct. (Doc. 54, p. 14). Plaintiff identifies 21 officers in her amended complaint but only six were purportedly arrested during Chief Finley's tenure as Chief of Police, and of those six, only one was arrested as the result of an on-duty incident - an officer involved shooting. Even if Plaintiff could establish the City had knowledge of these six off-duty incidents, none of them alleged on-duty sexual assault and the evidence she seeks would not rebut Defendants' summary judgment argument. Moreover, as previously stated, all of this information was in Plaintiff's possession since the filing of her Complaint, and it is the result of her lack of diligence that resulted in her failure to conduct discovery on these matters.

In Exigent Tech. v. Atrana Solutions, Inc., 442 F.3d 1301, 1310-1311(11th Cir. 2006), Plaintiff argued that the district court erred by refusing to allow it to conduct further discovery prior to responding to Defendant's motion for summary judgment. The Court found the plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue his options. The 11th Circuit stated:

> If Exigent believed that Atrana was not promptly responding to its discovery requests, it could, of course, have promptly sought the district court's assistance. It did not do so. Under these circumstances the district court could properly deny the Rule 56(f)[6] motion, insofar as it sought more time for fact discovery, on the ground that Exigent had not been diligent. See Barfield, 883 F.2d at 931-33 & n. 11 (upholding the denial of a Rule 56(f) motion where "the plaintiff had ample time and opportunity for discovery, yet failed to diligently pursue his options" and noting that HN10 the **"most common situation in which [rule 56(f) ]will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule 56(f) but has failed to make use of the various discovery mechanisms that are at his disposal …."**) (internal citations and quotation marks omitted); see also 10B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil § 2741, at 429-31 (3d ed. 1998) ("[Rule 56(f)] will not be applied to aid a party who has been lazy or dilatory. …a request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.") (citing Druid Hills Civic Ass'n, 833 F.2d 1545).

Id at 1310 – 1311 (emphasis added).

Defendants filed their motion for summary judgment on May 8, 2019. (Doc. 48). There has been no communication from Plaintiff regarding depositions or extension of the discovery deadline since email communications on March 20, 2019. Instead, she waited until the 11th hour, and the day before her responsive brief was due, filed a frivolous motion claiming the need to conduct discovery and erroneously blaming Defendants for her lack of diligence. She has expressed no reasonable basis for failing to depose Defendants Gaskin and Finley on the policies and procedures of the City of

---

[6] The Federal Rules of Civil Procedure were amended in 2010, and current Rule 56(d) contains the content of former Rule 56(f). See, Rule 56(d) advisory committee note (2010).

Montgomery, nor has she identified how the MPD criminal investigative file or STAR report, the documents she claims are crucial to her ability to depose these witnesses, are necessary to defend her allegations of a municipal policy or procedure of negligent training and supervision.

Plaintiff's last argument requesting a stay of summary judgment alleges <u>Plaintiff Cannot Respond to Defendants' Motion for Summary Judgment Without This Court's Ruling on her Prior, Pending Motion.</u> She claims she cannot respond without knowing who she is responding to. Defendant Williams has not filed a motion for summary judgment and none of the claims against the City, Finley or Gaskin are tied to any liability as it relates to Defendant Williams. Plaintiff has offered no substantive argument to support her conclusory allegation of the need for a ruling on her default motion prior to proceeding with summary judgment.

## CONCLUSION

Plaintiff has failed to establish that she diligently pursued discovery in this case or failed to use the various discovery mechanisms at her disposal. She did not attempt at any time prior to March 22, 2019 to schedule Defendants' depositions and then suggested a time months after the discovery deadline; she failed to seek court intervention to extend the discovery deadline until the day before her responsive brief was due; and, she has also failed to establish that the sought after discovery would produce evidence sufficient to rebut the facts established in Defendants' motion for summary judgment.

Respectfully submitted on this the 7th day of June, 2019.

/s/Stacy Lott Reed
Stacy Lott Reed (REE050)
ASB-3470-D63S

OF COUNSEL:
City of Montgomery
Legal Department
Post Office Box 1111Montgomery, Alabama  36101-1111
Telephone:  (334) 241-2050
Facsimile:  (334) 241-2310
Email: sreed@montgomeryal.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June, 2019, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Ms. Alicia K. Haynes, Esq.
Ms. Sonya C. Edwards, Esq.
Haynes and Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama 35226

And by U.S. Mail, postage prepaid and properly addressed to the following:

Mr. Morris Leon Williams, Jr.
3930 Water Drive #3937
Millbrook, Alabama 36054

/s/Stacy L. Reed
Of Counsel